CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
FEB 22 2012
JULIA C. DUDLEY, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| TINA MICHELLE JENKINS, | ) | CASE NO. 5:11CV00050 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | By: B. Waugh Crigler |
| Defendant. | ) | U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's February 7, 2007 protectively-filed applications for a period of disability, disability insurance benefits, and supplemental security income ("SSI") under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423, and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions, and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision, and DISMISSING this action from the docket of the court.

In a decision dated April 29, 2010, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity from June 1, 2006, her alleged date of disability onset, through December 31, 2008, the date she was last insured ("DLI").[1] (R. 11, 13.)

---

[1] In order to qualify for disability insurance benefits, plaintiff must establish that she became disabled prior to the expiration of her insured status, December 31, 2008. See 20 C.F.R. § 404.131(a).

1

The Law Judge determined plaintiff's asthma/chronic obstructive pulmonary disease, essential hypertension with left ventricular hypertrophy, degenerative disc disease of the lumbosacral spine, an affective disorder, and an anxiety disorder were severe impairments. (R. 13.) He also concluded that, through her date last insured, plaintiff did not suffer an impairment or combination of impairments which met or equaled a listed impairment. (R. 14-15.) Further, the Law Judge found that she maintained the residual functional capacity ('RFC') to perform sedentary work, with several limitations tied to specific impairments.[2] (R. 16.) In reaching his conclusions about plaintiff's RFC, the Law Judge found that plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the Law Judge found plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms not credible.[3] (R. 17-20.)

The Law Judge further relied on portions of the testimony of James E. Ganoe, a vocational expert ('VE'). (R. 562-565.) Based on this testimony, the Law Judge determined that, while this RFC precluded plaintiff from performing her past relevant work as an assembly line worker and certified nursing assistant, alternate gainful employment was available to her, namely as a general office clerk or an addressor. (R. 21.) Accordingly, the Law Judge found plaintiff was not disabled under the Act. (*Id.*)

---

[2] The Law Judge found that, because of her back impairment, plaintiff was limited to occasional stooping, squatting, kneeling, and crawling. Her respiratory condition limited her to minimal exposure to environmental irritants or temperature extremes. Due to pain, the side effects of medication, and her mental impairments, the Law Judge also found that plaintiff was limited to entry-level, unskilled work involving understanding, remembering, and carrying out simple instructions, and that she must avoid all exposure to heights, steps, and use of hazardous or moving machinery. (R. 20.)

[3] The Law Judge noted that plaintiff's objective treatment records, her admitted daily activities after her alleged onset date, and "less than persuasive testimony," were reasons for giving plaintiff's testimony less than persuasive value in determining her RFC. (R. 17-19.)

2

Plaintiff appealed the Law Judge's April 29, 2010 decision to the Appeals Council. (R. 3-5.) In a decision issued on April 21, 2011, the Appeals Council found no reason under the rules to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 3.) In doing so, the Appeals Council considered the additional evidence submitted by plaintiff but found this evidence did not provide a basis for changing the Law Judge's decision. This action ensued, briefs were filed, and oral arguments took place by telephone on December 16, 2011.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585, 589-590 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence is defined as evidence, "which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* When the Appeals Council considers and incorporates additional evidence into the record that was not submitted before the Law Judge, reviewing courts must consider the record as a whole, including the evidence offered on administrative appeal, in determining whether the Law Judge's decision is supported by substantial evidence. *Wilkins v. Secretary*, 953 F.2d 93, 96 (4th Cir. 1991).

In her brief filed in support of her complaint, and repeated in oral argument, plaintiff contends that the Law Judge erred on several counts in finding plaintiff was not disabled. First, plaintiff argues the Law Judge did not consider the combined effects of the exertional and non-exertional impairments of plaintiff in determining her eligibility for benefits. (Plaintiff's Brief, 2.) Plaintiff asserts that the Law Judge did not consider the non-exertional limitations of fatigue, lack of sleep, and inability to concentrate, and that he did not consider plaintiff's regular expected absences from work when determining plaintiff could maintain regular employment. *Id.* Second, plaintiff claims that the Law Judge ignored plaintiff's pharmacy records and did not consider the side effects of the sixteen (16) medications taken by plaintiff and how they might affect her ability to be gainfully employed. *Id.* Third, plaintiff contends the Law Judge ignored the medical opinion of C. Edward Rose, M.D., whose findings, plaintiff argues, provide support for the severity of her condition and her inability to work. *Id.* Fourth, plaintiff asserts that the Appeals Council failed to adequately address the additional medical evidence submitted by the claimant, which plaintiff argues revealed that she suffers marked or extreme limitations in all categories. *Id.* Additionally, plaintiff notes that the vocational expert, when asked to consider all plaintiff's asserted impairments, revealed that there were no jobs available in the national economy for plaintiff.[4] Plaintiff also offers that the Law Judge erred by failing to fully examine the VE regarding all the limitations which she believes are supported by the record. *Id.*

In his brief filed in support of his motion for summary judgment and in oral argument before the undersigned, the Commissioner contends that plaintiff is not disabled within the meaning of the Act and that there is substantial evidence to support the Law Judge's decision. The Commissioner argues that the Law Judge correctly weighed plaintiff's non-exertional limitations produced by her impairments. (Commissioner's Brief, 10.) The Commissioner

---

[4] (R. 565.)

4

Case 5:11-cv-00050-MFU-BWC   Document 18   Filed 02/22/12   Page 4 of 11   Pageid#: 620

believes that, in reaching a conclusion about plaintiff's RFC, the Law Judge considered and weighed her non-exertional impairments, even though he did not fully credit her complaints of greater limitations.[5] *Id.* at 12. The Commissioner also contends that the Law Judge adequately considered the opinion of Dr. Rose. *Id.* at 15. In this regard, he points out that the Law Judge acknowledged Dr. Rose's opinion and role as a treating physician but decided to give it little weight because the opinion was substantially incomplete and not supported by the record of the examination. *Id.* at 16. Additionally, the Commissioner argues that the Appeals Council committed no error in determining that the information did not provide a basis for changing the Law Judge's decision. *Id.* at 17. He offers that plaintiff's submission of new evidence on administrative appeal provided neither new nor material evidence to mandate remand or reversal. *Id.* at 18-20. Moreover, citing the recently decided case of *Meyer v. Astrue*, 662 F.3d 700 (4th Cir. 2011), the Commissioner argued that the Appeals Council is not required to explain the reasons behind its decision to deny review.

Addressing plaintiff's contentions in order, she asserts the Law Judge failed to properly assess the non-exertional limitations produced by her maladies, failed to explain how her anticipated absences would impact her ability to work, and failed to account for how the combined effects would affect the availability of alternate gainful activity. In this regard, the Law Judge was not required to have discussed every bit of evidence in the record or give credence to all of plaintiff's asserted impairments and limitations, but he must sufficiently articulate his findings and conclusions to permit meaningful judicial review. *Deloatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983); *Piney Mountain Coal v. Mays*, 176 F.3d 753, 762 n.10 (4th Cir. 1999). Here, the Law Judge considered and addressed the non-exertional limitations produced by plaintiff's impairments, specifically referencing her pain, the side effects

---

[5] Citing R. 16-17.

of medication, and her mental impairments. (R. 20.) He also addressed plaintiff's complaints of fatigue, lack of sleep, and the inability to concentrate. However, he did not fully credit this evidence because he found it lacked support in the record, specifically citing normal sleep study findings, normal psychiatric findings by her treating physician Arsheeya Mashaw, M.D., and plaintiff's general lack of credibility concerning the extent of her daily limitations. (R. 17-20.)

Ultimately, the Law Judge found that plaintiff's medically determinable impairments reasonably could be expected to produce the alleged symptoms, but that plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not credible beyond those accepted in reaching his determination of plaintiff's residual functional capacity. (R. 17)

The Law Judge noted several factors which undermined plaintiff's credibility. (R. 19.) First, her testimony conflicted with the medical evidence relating to the frequency of her asthma attacks, the frequency of her needing to use a nebulizer machine, the conservative nature of her treatment for lumbar pain, the predominantly normal psychiatric findings, and, the absence of notes in the hospital admission records of complaints of panic attacks or anxiety. (R. 19.) The Law Judge also did not believe that plaintiff's claims about her daily activities were supported by the record. For example, he found her March 2007 written statements describing relatively normal daily activities, as well as her medical records, were in conflict with her testimony at the hearing that she could not stand or sit for more than thirty minutes at a time. *Id.* Additionally, the Law Judge noted that there had been a twenty (20) month gap in plaintiff's treatment, which signaled to him that plaintiff's symptoms could not have been as severe and limiting as alleged, or else she would have sought treatment during this period. *Id.*

It is the duty of the Law Judge to assess a claimant's credibility and to weigh any conflicts in evidence, and the court examines those assessments only to determine whether the Law Judge's findings are supported by substantial evidence. *Craig v. Chater*, 76 F.3d 585, 589-590 (4th Cir. 1996). Here, there is substantial evidence to support the Law Judge's finding that plaintiff's claimed limitations were less than fully credible and that her ability to function was not as limited as she alleged.

Plaintiff also asserts that the Law Judge failed to consider the combined effects of plaintiff's impairments on her functional capacity as he clearly was required to do. *DeLoatche v. Secretary*, 715 F.2d 148, 150 (4th Cir. 1983). The undersigned disagrees. As the Commissioner points out in his brief, the Law Judge took into account each of plaintiff's impairments, both exertional and non-exertional, and developed an RFC that included his consideration of the limitations resulting from the combined effects of plaintiff's maladies. (Commissioner's Brief, 10-14; R. 13-20.) As indicated above, those findings are supported by substantial evidence. The Law Judge then presented his findings to a vocational expert who, in turn, opined that jobs were available to such a person in the economy. (R. 21, 562-565.) Notably, the Law Judge's examination of the VE included consideration of the combined effects of plaintiff's impairments. (R. 564-565.) Accordingly, the Law Judge did not fail to comply with either the regulations or decisional authority requiring consideration of both the individual and combined effects of plaintiff's impairments.

Plaintiff further contends that the Law Judge ignored the opinion of C. Edward Rose, M.D., a pulmonary specialist who is well-recognized in this geographic region. However, the Law Judge specifically addressed both Dr. Rose's pulmonary residual functional capacity

7

questionnaire and the findings of his examination.[6] (R. 17-18, 19-20.) The Law Judge accorded Dr. Rose's opinion little probative value for two reasons. First, he found portions of the check list addressing plaintiff's residual functional capacity sections were not completed and offered nothing for consideration. (R. 19-20.) Second, he noted that Dr. Rose treated plaintiff on only one occasion, and his examination findings were in conflict with his opinions expressed in the checklist. (*Id.*)

An examination of this evidence reveals that the questionnaire is less than half completed, primarily diagnoses plaintiff with allergic asthma, and simply identifies her symptoms and precipitating factors. (R. 313-316.) While Dr. Rose did opine that plaintiff's symptoms were severe enough to frequently interfere with attention and concentration, and that her prognosis was "guarded," the remaining questions which were essential to determining plaintiff's residual functional capacity were left blank. *Id.* Moreover, Dr. Rose's concluding prognosis reasonably could be read as conflicting with his examination findings.[7] Finally, there is no question that Dr. Rose saw the plaintiff only once, completing the questionnaire on the same day.[8] (R. 313, 322-325.) In the end, the undersigned finds that the Law Judge's decision to give Dr. Rose's medical opinion little probative value is supported by substantial evidence.

---

[6] It appears that the Law Judge actually assigned more credit to Dr. Rose than the record demonstrates he deserved. The Law Judge credited Dr. Rose as completing the general physical residual functional capacity questionnaire. (R. 19, 317-321). This questionnaire was unsigned, but a note indicated that it actually was completed by plaintiff's primary physician, Dr. Vu Duong. (*See* marginal note on R. 318.) Even if this questionnaire were considered as an independent medical opinion, it is substantially incomplete, merely records plaintiff's impairments and symptoms, and bears no signature or date. The Law Judge had no obligation to fully credit this report.

[7] Dr. Rose found plaintiff's mood and affect to be normal and indicated no abnormalities with respect to cognition, attention, or concentration. (R. 19-20, 322-325.)

[8] Medical opinions based on brief treatment relationships are typically given less weight. 20 CFR § 404.1527(d)(2).

8

Plaintiff also claims that the Appeals Council did not properly address the additional evidence submitted on administrative appeal. Much of her argument is premised on the decisional authority which was extant at the time she filed her brief. In the meantime, and shortly before oral argument, however, the Fourth Circuit Court of Appeals decided *Meyers v. Astrue*, 662 F.3d 700 (4th Cir. 2011). Contrary to plaintiff's assertions here, which had been met with conflicting results among the districts in this circuit and even within this district, the Court of Appeals in *Meyers* held that the Appeals Council is not required to explain its rationale for denying review. *Id.* at 705-706. Although the court ruled that the regulatory scheme does not require the Appeals Council to articulate any findings when it considers new evidence and denies review, the court did indicate that "an express analysis of the Appeals Council's determination would [be] helpful for purposes of judicial review." *Id.* at 706. Accordingly, the Appeals Council committed no error by failing to explain its rationale for denying review of Plaintiff's claim.

The court has determined that the Appeals Council must consider new and material evidence relating to a period prior to the Law Judge's decision even if it declines review.[9] *Wilkins v. Secretary*, 953 F.2d 93, 95-96 (4th Cir. 1991). Additionally, a reviewing court must evaluate the additional evidence presented to the Council when determining whether a Law Judge's decision is supported by substantial evidence. *Id.* at 96. If this additional evidence is not controverted by other evidence in the record, the Law Judge's decision may be reversed. *Meyer v. Astrue*, 662 F.3d 700, 706-707 (4th Cir. 2011). Here, plaintiff submitted a list of her medications, a treatment record from Page Health Care Associates, and a mental health check-box form signed by Arsheeya Mashaw, M.D. (R. 505-506, 523-526, 528-531.) The list of medications provided to the Appeals Council is cumulative of what was before the Law Judge

---

[9] Evidence is considered new if it is not duplicative or cumulative. *Meyer v. Astrue*, 662 F.3d 700, 704-705 (4th Cir. 2011). Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome. *Id.*

prior to issuing his decision. (R. 507-522.) While the treatment record from Page Health is dated May 25, 2010, which is after the Law Judge decision, it, too, is duplicative of earlier records from Page Health, except for substituting Lithium for Risperdal because of financial rather than medical reasons. (R. 524-527.) Accordingly, this additional evidence is neither new nor material.

The form completed by Dr. Mashaw entitled "MEDICAL SOURCE STATEMENT OF ABILITY TO DO WORK-RELATED ACTIVITIES (MENTAL)" is neither duplicative nor cumulative of any other evidence in the record. However, it is dated June 15, 2010, nearly two months after the Law Judge's decision and a year and seven months after plaintiff was last insured. (R. 530.) For the purpose of securing disability insurance benefits, medical opinions written after a claimant's DLI can be given weight if they relate back to the period when plaintiff was insured and provide evidence of plaintiff's impairments at that time. *Johnson v. Barnhart*, 434 F.3d 650, 655-656 (4th Cir. 2005). Here, plaintiff has made no argument that the impairments and limitations described in Dr. Mashaw's opinion existed prior to either plaintiff's DLI or the Law Judge's decision. Further, Dr. Mashaw's opinion is controverted by evidence in the record. There are no medical findings that plaintiff's anxiety and affective disorders are as debilitating as Dr. Mashaw opines, and Dr. Mashaw's examination notes show that he viewed plaintiff's condition as relatively stable and responding well to treatment. (R. 273-289.) The May 25, 2010 treatment record from Page Health, signed by Dr. Mashaw, further proves this point. The examination was conducted less than a month before Dr. Mashaw's opinion was signed, and yet he again found plaintiff had normal affect, no tangential thoughts, and only some pressured speech, prescribing the change in medication set forth above. (R. 524-526.) Dr. Mashaw's examination notes are not supportive of the extreme limitations described in his

10

opinion and serve to controvert it. Accordingly, Dr. Mashaw's medical opinion does not provide a basis to reverse the Commissioner's final decision or to remand for further proceedings.

For all these reasons, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision, and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ _____
U.S. Magistrate Judge

2/22/2012
Date